IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEREMY A. BOMMARITO on behalf of )
himself and others similarly )
situated, )
 )
      Plaintiff, )
 )
  v. ) Civil Action No. 11-1563
 )
AAS DEBT RECOVERY, INC. AND )
BERNARD C. JOHN, )
 )
      Defendants. )

MEMORANDUM

Gary L. Lancaster,                          May 4, 2012
Chief Judge.

      This is a class action lawsuit. Plaintiff, Jeremy Bommarito, on behalf of himself and all similarly situated debtors, brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq ("FDCPA"), against defendant AAS Debt Recovery, Inc., ("AAS") and individual defendant Bernard C. John (collectively "defendants"). Mr. Bommarito initially filed his FDCPA complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, and it was removed to this court by defendants on December 9, 2011.

      Defendants have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). [Doc. No. 7.] In support of the motion, defendants

assert that it is clear from the pleadings that they did not violate the FDCPA because the statement of the amount of attorneys' fees owed in the state court complaint seeking payment of the debt was simply a request to the court for reasonable attorneys' fees, and was authorized by Mr. Bommarito's original loan agreement. Mr. Bommarito counters that this statement of attorneys' violates the FDCPA because it is not presented as a request to the court, and because the original loan agreement authorized only actually incurred attorneys' fees.

For the reasons that follow, defendants' motion will be denied.

I.   FACTUAL BACKGROUND

Consistent with the standard of review for a motion for judgment on the pleadings, the following facts are as presented in Mr. Bommarito's complaint.

On or about March 25, 2011, defendants filed a lawsuit against Mr. Bommarito in the Court of Common Pleas of Westmoreland County, Pennsylvania, seeking repayment of a debt to First National Bank (the "Collection Action"). Mr. Bommarito, an Idaho resident, incurred the debt on December 3, 2008 in order to finance an automobile purchase from a

dealership in Belle Vernon, PA. The debt had been assigned by First National Bank to defendant AAS.

The Collection Action sought relief in the amount of $24,661.25, plus additional interest, attorneys' fees incurred, and litigation costs. Paragraph 16 of the Collection Action complaint states, in part, "Defendant are [sic] indebted to First National Bank of Pennsylvania in the amount of $24,661.25[.]" This requested dollar amount was based on a "Principal Sum" of $19,729.00 and "Reasonable Attorney's Commission" of $4,932.25. The Reasonable Attorney's Commission listed in the Collection Action complaint is exactly 25% of the Principal Sum.

With respect to attorneys' fees, the underlying loan agreement ("Underlying Contract") between Mr. Bommarito and First National Bank stated the following: "You also agree to pay reasonable attorneys' fees if Seller or Assignee hires an attorney to collect amounts due under this Contract or to protect or get possession of the Vehicle."

II. LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is designed to provide a means of disposing of cases when the material facts are not in dispute, and judgment on the merits may be achieved

3

by focusing on the content of the pleadings and any facts of which the court may take judicial notice. A motion for judgment on the pleadings may be made at any time after the pleadings are closed. Fed. R. Civ. P. 12(c). As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 256 n.5 (3d Cir. 2004); Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss [or motion for judgment on the pleadings] simply by failing to attach a dispositive document on which it relied." Pension Benefit Guaranty Corp, 998 F.2d at 1196.

A Rule 12(c) motion is judged under the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991); Shelly v. Johns-Manville Corp.,

798 F.2d 93, 97 n.4 (3d Cir. 1986). To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "'a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Iqbal, 556 U.S. at 678. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Therefore, the facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Unlike a motion under Rule 12(b), a motion under Rule 12(c) theoretically is directed toward a determination of the substantive merits of the controversy and, consequently, such motion should be granted only where it is clear that the merits of the controversy can be fairly and fully decided in such a summary manner. In re Dreyfus Mut. Funds Fee Litig., 428 F. Supp. 2d 357, 358 (W.D. Pa. 2006); 5C Charles Alan Wright,

Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 1368.

III. <u>DISCUSSION</u>

It is on the above standard that the court has reviewed defendants' motion for judgment on the pleadings. Based on the pleadings of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court is not persuaded that plaintiff has failed to state a plausible claim for relief.

Although the central issues in this case appear to raise only questions of law, both parties support their legal arguments with facts outside the pleadings (<u>e.g.</u>, trial testimony [Doc. No. 13, pp. 5-6]) or with facts contained in illegible documents attached to the pleadings (<u>e.g.</u>, the Underlying Contract at Doc. 1-2, Ex. B). The pleadings also contain factual discrepancies that would appear to be capable of resolution after basic discovery. For example, the complaint in this case states that the Underlying Contract was between First National Bank and Mr. Bommarito. [Doc. No. 1-2 at ¶ 10.] The complaint in the Collection Action, however, alleges that the Underlying Contract was between the automobile dealership and Mr. Bommarito, and was subsequently assigned by the dealership to First National Bank. [Doc. No. 1-2, Ex. A ¶¶ 4-6.]

6

Because accurate resolution of the legal issues presented in this case would be aided by a more developed factual record, it is prudent to address the arguments presented by the present motion on summary judgment. And rather than convert defendants' motion for judgment on the pleadings to a motion for summary judgment, the court will deny it without prejudice to the parties' ability to raise the same arguments in a motion or motions for summary judgment, presented in the form required by Local Civil Rule 56.

IV. CONCLUSION

Defendants' motion for judgment on the pleadings will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY A. BOMMARITO on behalf of himself and others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>AAS DEBT RECOVERY, INC. AND BERNARD C. JOHN,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 11-1563<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 4th day of May, 2012, IT IS HEREBY ORDERED that defendants motion for judgment on the pleadings [Doc. No. 7] is DENIED, without prejudice.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record